# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 cr 800-1 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| HERMAN JACKSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Herman Jackson, moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), arguing that the government failed to prove beyond a reasonable doubt that Jackson intended to defraud Illinois Action for Children and the state of Illinois [178]. Jackson also moves for a new trial pursuant to Federal Rule of Criminal Procedure 33 [179]. For the reasons stated herein, the motions are denied.

**Background**

Herman Jackson and Jannette Faria were indicted on October 10, 2012, on charges of mail fraud and wire fraud stemming from a scheme to defraud the state of Illinois through the Child Care Assistant Program and Illinois Action for Children. Jackson established three daycare centers at his Ark of Safety Church, through which he allegedly sought and received unearned subsidy payments from the state. After a two week trial the jury returned a guilty verdict against Jackson for two counts of mail fraud, nine counts of wire fraud and two counts of making false statements. Faria was also convicted of one count of mail fraud, six counts of wire fraud, and one count of making false statements.

1

**Legal Standard**

A criminal defendant who has been found guilty by a jury may move for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c). Jackson challenges the sufficiency of the evidence presented at trial, therefore the Court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)).

"[I]f the interest of justice so requires," the court may provide a new trial to a criminal defendant found guilty by a jury. Fed. R. Crim. P. 33(a). It is within the sound discretion of the trial judge to decide whether to grant a new trial. *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004). "[A] defendant is entitled to a new trial if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." *United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006). In determining whether to grant a new trial, a court should exercise "great caution" and be "wary of second guessing the determinations of the . . . jury." *United States v. Ryan*, 213 F.3d 347, 351 (7th Cir. 2000) (quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)).

**Discussion**

*1. Sufficiency of the Evidence*

In order to convict Jackson of wire fraud under 18 U.S.C. §1343, the government needed to prove that (1) there was a scheme to defraud; (2) wires were used in furtherance of the scheme; and (3) Jackson participated in the scheme with the intent to defraud. *United States v. Pust*, 798 F.3d 597, 600 (7th Cir. 2015) (citing *United States v. Sheneman*, 682 F.3d 623, 628 (7th Cir. 2012); *United States v. Stephens*, 421 F.3d 503, 507 (7th Cir. 2005)). The elements of mail fraud under 18 U.S.C. § 1341

2

parallel the elements of wire fraud except the defendant must have used the United States mail as a carrier. *United States v. Thyfault*, 579 F.3d 748, 751 (7th Cir. 2009).

Here, Jackson argues only that the government failed to prove that he intended to defraud Illinois Action for Children and the state of Illinois. "An 'intent to defraud' means that the defendant acted willfully and with specific intent to deceive or cheat, usually for the purpose of getting financial gain for himself or causing financial loss to another." *Id.* Direct evidence of a defendant's intent to defraud is rarely available. *Id.* "[S]pecific intent to defraud may be established through circumstantial evidence and by inferences drawn from examining the scheme itself which demonstrate that the scheme was reasonably calculated to deceive persons of ordinary prudence and comprehension." *Id.* (citing *United States v. LeDonne*, 21 F.3d 1418, 1426 (7th Cir. 1994)). "A scheme to defraud requires the making of a false statement or material misrepresentation, or the concealment of [a] material fact." *United States v. Faruki*, 803 F.3d 847, 852 (7th Cir. 2015) (quoting *United States v. Powell*, 576 F.3d 482, 490 (7th Cir. 2009) (alteration in original) (citation and internal quotation marks omitted)).

Jackson argues that the evidence of his intent to defraud fell well below the standard of reasonable doubt. He asserts that there was no credible evidence establishing the he knowingly and willingly submitted false billings to Illinois Action for Children for payments that the day cares were not entitled. Jackson further argues that on cross-examination he destroyed the credibility of the testimony offered against him for the second and third successive daycares housed in the Ark of Safety facility. Jackson contends that the government's evidence of his intent to defraud was lacking because he presented evidence that there were children who legally received subsidies for their attendance at the daycares and that he had parents sign contracts that stating that he could bill the State of Illinois for maximum allotted time in daycare even if the evidence showed the children did

3

not attend the daycare during all that time. Although direct evidence may rarely be available, this case clearly falls into that "rare" category.

The government presented ample evidence at trial showing that Jackson submitted false applications and false reports to Action for Children ("AFC") to meet its burden. The testimony of Jackson's ex-wife LaKeisa Jackson was particularly powerful in tying together Jackson's intent to engage in the scheme, from his alias "Henry Walker" and identifying his handwriting on the forms to the submission of false Child Care Certificate reports to AFC. The government also presented documentary evidence in the form of the Child Care Certificates claiming entitlement to payments for children that never attended St. Peters or ones that attended only part-time when the subsidies claimed were for full time. Jackson's own theory of the case underscores his intent to defraud. Jackson asserts in his motion for acquittal that he had parents sign for full-time subsidies even though the children did not attend the daycare full-time. His effort to blame the parents who did not follow through with the contract does nothing to refute his knowledge that he was claiming subsidies for more time than certain children were attending the daycares. Additionally, there was testimony from parents and former daycare employees who providing incriminating testimony. Jackson continued to bill the state for daycare subsidies even after the Department of Children and Family Services shut down Jubilee in August 2008 and the Town of Cicero shut down ABC Cicero in February 2011. The AFC records and Jackson's bank records coupled with the testimony of LeKeisa Jackson, parents, and former daycare workers provided sufficient evidence for the jury to find Jackson guilty.

*2. New Trial*

Jackson's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 consists of an enumerated list of the following eight issues: (1) that the government failed to prove Jackson guilty beyond a reasonable doubt; (2) that the Court erred in denying Jackson's motion for judgment

4

of acquittal at the close of the government's case-in-chief; (3) that the Court erred in denying Jackson's motion to bar testimony regarding St. Peter's Christian Academy; (4) that there was insufficient evidence from which the jury could have found each of the essential elements of the crimes beyond a reasonable doubt (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)); (5) that Jackson was denied due process of law; (6) that Jackson was denied equal protection under the law; (7) that the verdict is the result of passion, bias, and prejudice on the part of the jury; and (8) that a new trial is in the interest of justice. This Court has already addressed the first two in ruling on Jackson's motion for acquittal. Further, Jackson provides no basis for this Court to reconsider its pretrial ruling denying the motion to bar testimony regarding St. Peter's Christian Academy. Jackson provides no basis for the five remaining contentions, and, thus, this Court declines to grant a new trial. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)").

**Conclusion**

Based on the foregoing discussion, this Court denies Jackson's Motion for Judgment of Acquittal [178] and Motion for a New Trial [179].

IT IS SO ORDERED.

Date: January 27, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge